TO BE PUBLISHED

# 𝔖upreme ℭourt of 𝔎entucky

2014-SC-000198-KB

KENTUCKY BAR ASSOCIATION                                                    MOVANT

V.                                        IN SUPREME COURT

MARK A. BRAMBLE                                                          RESPONDENT

## OPINION AND ORDER

Respondent, Mark A. Bramble, has been licensed to practice law in Kentucky since 1996 but was suspended from the practice of law in West Virginia by order entered on August 27, 2013 because he has been charged with attempted first-degree murder and wanton endangerment involving a firearm and may suffer from an impairment affecting his ability to practice law. The Kentucky Bar Association's Office of Bar Counsel has filed a petition for reciprocal discipline under SCR 3.435, and has asked this Court to require Bramble to show cause why identical reciprocal discipline against him should not be imposed in Kentucky under SCR 3.435. Bramble filed a response stating that he has no objection to the relief sought.

Bramble's last known bar roster address is P.O. Box 1307, Charleston, West Virginia 25325. His KBA Member No. is 86317, and he was admitted to the practice of law in the Commonwealth of Kentucky on August 26, 1996.

On August 12, 2013, Bramble was arrested and charged in West Virginia with two felony offenses: attempted first-degree murder and wanton endangerment with a firearm. He is alleged to have been hallucinating and to have pointed a gun at his wife, who escaped and called police, and to have then fired several gunshots at police who responded to the situation.

On August 15, 2013, the West Virginia Office of Disciplinary Counsel petitioned the Supreme Court of Appeals to temporarily suspend Bramble from the practice of law until his pending criminal and attendant disciplinary matters are concluded. The petition alleged that Bramble appeared to be suffering from a disability due to psychological distress, was incarcerated, was accused of violating the Rules of Professional Conduct, and, based on his alleged criminal acts, posed a substantial threat of irrevocable harm to the public if he was allowed to continue practicing law.

The suspension was sought under West Virginia Rule of Lawyer Disciplinary Procedure 3.27, entitled Extraordinary Proceedings, which allows the Supreme Court of Appeals of West Virginia to "immediately suspend the license of a lawyer who (1) either is disabled or is accused of violating the Rules of Professional Conduct and (2) poses a substantial threat of irrevocable harm to the public."

The Supreme Court of Appeals granted the petition and suspended Bramble's license to practice law. The suspension is temporary but open ended, and is set to expire no sooner than when Bramble's pending criminal

and attendant disciplinary matters are concluded. Bramble notified the Office of Bar Counsel of the suspension by letter in March 2014.

Under Kentucky Supreme Court Rule 3.435(4), a lawyer shall be subject to identical discipline in the Commonwealth of Kentucky "unless [he] proves by substantial evidence: (a) a lack of jurisdiction or fraud in the out-of-state disciplinary proceeding, or (b) that the misconduct established warrants substantially different discipline in this State." SCR 3.435(4)(a)–(b). Ordinarily, this requires a final disciplinary decision, which is not present here, and requires this Court to first issue an order allowing the attorney to try to show cause why reciprocal discipline should not be imposed. Under the circumstances, however, this Court will grant the petition and temporarily suspend Bramble.

The West Virginia rule under which Bramble has been temporarily suspended is substantially the same as our SCR 3.165. That rule allows an attorney to "be temporarily suspended from the practice of law by order of the Court" if, among other things, "[i]t appears that probable cause exists to believe that an attorney's conduct poses a substantial threat of harm to his clients or to the public," SCR 3.165(1)(b), or "[i]t appears that probable cause exists to believe that an attorney is mentally disabled or is addicted to intoxicants or drugs and probable cause exists to believe he/she does not have the physical or mental fitness to continue to practice law," SCR 3.165(1)(d). While a proceeding under this rule is to be initiated by a petition by the Inquiry Commission or its lawyer member, its substance clearly allows temporary

3

suspension under the circumstances. As such, the lack of a final disciplinary order is not fatal to the petition.

Similarly, the fact that the KBA has proceeded by its own petition for reciprocal discipline under SCR 3.435, rather than a petition by the Inquiry Commission or its lawyer member under SCR 3.165, does not bar the imposition of a temporary suspension. In his response to the petition, Bramble states that "he does not oppose the motion for Reciprocal Discipline ... and has no objection to the relief sought therein." He also states that he has "not practiced law in Kentucky since November of 2011." This amounts to a waiver of the requirements of SCR 3.435 and 3.165. But SCR 3.165 is the better rule to address Bramble's situation, since he has not been disciplined *per se* by the Supreme Court of Appeals of West Virginia, which has instead chosen to temporarily suspend him based on its belief that he poses a danger to the public and either suffers under a disability or is accused of committing misconduct.

This waiver also applies to the ordinary practice of first ordering the attorney to show cause under SCR 3.435. That procedural step is unnecessary in this case, as Bramble does not oppose the petition or the relief it seeks.

For those reasons, this Court sees no reason not to grant the KBA's petition. Indeed, Bramble's circumstances are precisely the type for which our own temporary suspension rule was designed. It is evident to this Court "that probable cause exists to believe that [Bramble's] conduct poses a substantial threat of harm to his clients or to the public," SCR 3.165(1)(b), and "that

4

probable cause exists to believe that [Bramble] is mentally disabled or is addicted to intoxicants or drugs and probable cause exists to believe he[] does not have the physical or mental fitness to continue to practice law," SCR 3.165(1)(d). Moreover, a temporary suspension under this rule does not have the same after-effects as a disciplinary suspension based on a final finding of misconduct. That is the better outcome because Bramble's disability may pass, he may be acquitted of the criminal charges against him, and he may ultimately be found not to have committed any misconduct.

## Order

Seeing no reason why Bramble should not be subjected to identical discipline in this state under SCR 3.435, and finding that his temporary suspension is appropriate under SCR 3.165, it is hereby ORDERED that:

1. The Kentucky Bar Association's petition for reciprocal discipline is GRANTED. Respondent, Mark A. Bramble, is suspended from the practice of law in the Commonwealth of Kentucky, effective on the date of the entry of this order. Bramble's suspension shall continue until this order is superseded by a subsequent order of this Court.

2. To the extent necessary, given his claim not to have practiced law in this state since 2011, and to the extent possible, given that he may currently be incarcerated, Bramble shall, within 10 days of the date of entry of this order, notify in writing any and all clients in this Commonwealth of his inability to continue to represent them and shall furnish copies of such written notifications to the Office of Bar Counsel.

5

3.    Bramble shall, to the extent reasonably possible, immediately cancel and cease any and all advertising activities in which he is engaged in this Commonwealth.

All sitting. All concur.

ENTERED: August 21, 2014.

_____
CHIEF JUSTICE